United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60414
Summary Calendar

_____

SHAHEEN SALIM MERCHANT; SAFRAZ MERCHANT; SOEEN MERCHANT,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A70 951 035
A70 951 036
A78 877 114
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Shaheen Salim Merchant ("Merchant") and her sons, Safraz Merchant and Soeen Merchant, all natives and citizens of India, petition for review of an order from the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") decision to deny Merchant's application for asylum. Safraz Merchant and Soeen Merchant concede that their immigration status is dependent on whether Merchant is eligible for asylum. Merchant has waived the denial of her applications for withholding of removal and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief under the Convention Against Torture by failing to argue those issues.  Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

This court will uphold the BIA's factual finding that an alien is not eligible for asylum if the determination is supported by substantial evidence.  Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  "The substantial evidence standard requires only that the Board's conclusion be based upon the evidence presented and be substantially reasonable." Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002) (internal quotation marks and citations omitted).  Because the BIA adopted the findings and conclusions of the IJ in this case, we review the decision of the IJ.  Efe, 293 F.3d at 903.

Merchant has failed to make the requisite showing that she is unable or unwilling to return to India "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ."  8 U.S.C. § 1101(a)(42)(A); see also Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

Accordingly, the petition for review is DENIED.