United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-60273
Summary Calendar

---

XIAOYANG LIU,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 601 072
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Xiaoyang Liu, a native and citizen of China, petitions for
review of an order of the Board of Immigration Appeals ("BIA")
affirming without opinion the immigration judge's ("IJ") denial
of his application for asylum, withholding of removal, and
protection under the Convention Against Torture ("CAT").

Because Liu has failed to address the IJ's rejection of his
applications for withholding of removal and relief under the CAT,
he has waived these issues on appeal.  See Yohey v. Collins,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

985 F.2d 222, 224-25 (5th Cir. 1993); <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 833 (5th Cir. 2003).

The IJ found that Liu's asylum application both was untimely and should be denied on its merits. This court has jurisdiction to review the rejection of the asylum claim on its merits, but it does not have jurisdiction to review a determination that the asylum application was not timely. <u>See</u> 8 U.S.C. § 1158(a)(2)(C); <u>Zhu v. Ashcroft</u>, 382 F.3d 521, 527-28 (5th Cir. 2004). Because it is impossible to determine whether the BIA's affirmance was based on the non-reviewable determination that the application was untimely or on the reviewable determination that the application should be rejected on its merits, we VACATE the BIA's order and REMAND the case with instructions to explain its basis for affirming the IJ's decision.