United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

––––––––––

No. 04-60847
Summary Calendar

––––––––––

SAMIR ABDUL MAREDIA,

       Petitioner,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

       Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 510 084
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Samir Abdul Maredia is a Muslim and a native and citizen of India. He seeks

review of a Board of Immigration Appeals' (BIA) order denying his applications for asylum and

withholding of removal. For the following reasons, the petition is denied.

The BIA summarily affirmed and adopted the immigration judge's (IJ) opinion. Therefore,

we review the IJ's factual findings and legal conclusions.[2] The IJ's legal conclusions are reviewed

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]*Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

*de novo*.[3] The IJ's factual findings will be upheld if supported by substantial evidence.[4] Substantial evidence is lacking only if the evidence is "'so compelling that no reasonable factfinder could fail to find' the petitioner statutorily eligible for relief."[5]

The IJ rejected the petitioner's application for asylum as untimely,[6] holding that none of the exceptions to the one-year filing requirement applied.[7] It is unclear whether the petitioner seeks review of the IJ's denial of his application for asylum as untimely. If review is sought, it is barred by explicit statutory language.[8] We cannot review whether the petitioner's application for asylum was timely filed or whether an exception to the one-year filing requirement applied.[9]

The IJ also rejected the petitioner's application for withholding of removal. "[T]here is no time bar in seeking withholding of removal."[10] To be eligible, an alien must establish a clear

---

[3]*Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997).

[4]*Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

[5]*Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)).

[6]*See* 8 U.S.C. § 1158(a)(2)(B) ("Subject to subparagraph (D), paragraph (1) shall not apply to an alien unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States.").

[7]*See id.* § 1158(a)(2)(D) (permitting an application for asylum to be considered despite the one-year filing requirement if the applicant shows either extraordinary circumstances relating to the delay or changed circumstances materially affecting the applicant's eligibility).

[8]*Id.* § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2).").

[9]*See id.*; *Zhu v. Ashcroft*, 382 F.3d 521, 526-27 (5th Cir. 2004).

[10]*Zhu*, 382 F.3d at 528; *see also* 8 U.S.C. § 1231(b)(3)(A).

probability[11] of persecution on account of the alien's race, religion, nationality, membership in a particular social group, or political opinion.[12] A clear probability means more likely than not the alien will be persecuted if deported.[13] The alien's testimony alone, if credible, is sufficient to sustain the burden.[14] However, credibility determinations are the duty of the factfinder, and this court will not substitute its judgment for the IJ's assessment of a witness's credibility.[15]

Applying the substantial evidence standard of review, we cannot conclude that the IJ's determination was not supported by the record. The petitioner testified that he is a Muslim, as is his family in India, and that his father was injured because of his religion in 1995 and in 1999. But the IJ found the petitioner's testimony not entirely credible, both because the petitioner's application for withholding mentioned only the 1999 incident and because the petitioner initially denied seeking refugee status in Canada. No other evidence was provided regarding the alleged incidents, and no explanation was given for the lack of other evidence, such as medical records. In addition, the only evidence that the petitioner's father was injured on account of his religion was the petitioner's testimony that his father "told me" so and that Hindu men lived in the surrounding area. The

---

[11]*Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994); *see also INS v. Stevic*, 467 U.S. 407, 413 (1984).

[12]*Zhu*, 382 F.3d at 528 n.6; 8 U.S.C. § 1231(b)(3)(A).

[13]*Stevic*, 467 U.S. at 424 (defining "clear probability" as "more likely than not"); *see also Bah v. Ashcroft*, 341 F.3d 348, 351 (5th Cir. 2003); 8 C.F.R. § 208.16(b)(2).

[14]8 C.F.R. § 208.16(b); *see also Abdel-Masieh v. INS*, 73 F.3d 579, 584 (1996).

[15]*Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

petitioner testified that he was not present during either of the alleged incidents. This evidence did not compel a finding of past persecution or more-likely-than-not future persecution.[16]

With regard to persecution of other Muslims in India, besides the petitioner's family, the record does not compel the conclusion that there is "a pattern or practice of persecution" of Muslims such that "more likely than not" the petitioner's "life or freedom would be threatened" upon return to India.[17] The record contains evidence of much violence against Muslims in India, particularly in Gujarat in 2002. In Gujarat alone, horrific events led to the deaths of an estimated 850 to 2000 Muslims. But according to other evidence in the record, "[d]espite the[se] incidents of violence and discrimination . . . , relations between various religious groups generally are amicable among the substantial majority of citizens."[18] Applying the substantial evidence standard of review, we conclude that this latter evidence supports the IJ's decision to deny the petitioner's application for withholding of removal.

For these reasons, the petition for review is DENIED.

---

[16]*Cf. Roy v. Ashcroft*, 389 F.3d 132, 138-39 (5th Cir. 2004) (holding evidence that an alien's father suffered religious persecution did not establish the alien's eligibility for withholding of removal, as the alien was not present during his father's persecution and lacked evidence that he had personally suffered religious persecution).

[17]*See* 8 C.F.R. § 208.16(b)(2).

[18]*International Religious Freedom Report: India*, U.S. DEPT. OF STATE, BUREAU OF DEMOCRACY, HUMAN RIGHTS AND LABOR (2002).