United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-60697
Summary Calendar

LEONARD BREGU, also known as Gentian Drenova

Petitioner,

versus

ALBERTO R. GONZALES, UNITED STATES ATTORNEY GENERAL

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner, a native and citizen of Albania, petitions for review of an order of the

Board of Immigration Appeals ("BIA") which adopted and affirmed a decision by the

immigration judge ("IJ") terminating a previous grant of asylum to Petitioner. For the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following reasons, we deny the petition.

1.  The IJ's finding that the grant of asylum to Mr. Drenova should be terminated is supported by substantial evidence. The record reflects that Mr. Drenova lied under oath when he stated on his asylum application that he had never used any aliases other than the name under which he applied. This concealment was material because investigation of Mr. Drenova's alias would have disclosed other facts relevant to his qualifications, particularly the fact that he entered the United States more than one year prior to his application for asylum, and thus the concealment naturally tended to influence the agency's decision. Kungys v. United States, 485 U.S. 770, 772, 108 S. Ct. 1537, 1547 (1988).

2.  We do not have jurisdiction to review the IJ's determination that Mr. Drenova is time-barred from presenting a new application for asylum. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). The qualification of § 208(a)(3)'s limitation on judicial review imposed by the recently enacted INA § 242(a)(2)(D) (8 U.S.C. § 1252(a)(2)(D)) is not applicable in this case.

3.  Mr. Drenova's claim that the IJ erred by not permitting him to file an application for withholding of removal is contradicted by the record. The record reflects that the IJ expressly afforded Mr. Drenova an opportunity to pursue an application for withholding and that Mr. Drenova did not do so.

PETITION DENIED.

2