**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60248

HADI NUGROHO; HELMA YUSUF HIDAYAT,
also known as Helma Nugroho,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 232 831; BIA No. A76 824 706

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hadi Nugroho and his wife Helma petition for review of an order from the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to deny their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ determined that (1) the Nugrohos' claims for asylum were time barred; (2) the harm suffered by Hadi Nugroho in the past did not rise to the level of persecution; and (3) the Nugrohos had not established a reasonable fear of future harm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, this court does not have jurisdiction to review the Nugrohos' asylum claims, because the BIA found those claims time barred. See 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2) [providing for exceptions, including the time bar, to an alien's right to apply for asylum]."); see also Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2005) (remanding to the BIA because its affirmance without opinion left the court with "no way of knowing whether the BIA affirmed the IJ's decision on a non-reviewable basis, i.e., untimeliness, or a reviewable basis, i.e., the merits of [the] asylum claim"). In the instant case, the BIA explicitly stated in its opinion that it "agree[d] that the asylum application is time-barred" and that no circumstances existed to excuse the delay in filing. Accordingly, this court cannot hear the petitioner's asylum claims.

The BIA's decision denying petitioners withholding of removal and relief under CAT, however, is reviewable by this court. 8 U.S.C. § 1252; Roy v. Ashcroft, 389 F.3d 132, 135 (5th Cir. 2004). The Attorney General must withhold removal of an alien who proves a clear probability of persecution upon removal to his home country. See 8 U.S.C. § 1231(b)(3)(A). However, "[t]he BIA will be reversed only when the evidence is 'so compelling that no reasonable fact finder could fail to find' the petitioner statutorily eligible for relief." Roy, 389 F.3d at 138 (quoting

INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S. Ct. 812 (1992)).

The Attorney General first contends that the petitioners have waived their claims for withholding of removal and relief under CAT by failing to brief them. See, e.g., FED. R. APP. P. 28(a)(9)(A); Salazar-Regino v. Trominski, 415 F.3d 436, 452 (5th Cir. 2005). The petitioners do spend most of their brief arguing that they should be granted asylum, with scant reference made to the more demanding withholding of removal standard. On numerous occasions, this court has deemed claims for withholding of removal and relief under CAT to be waived. See Liu v. Gonzales, No. 04-60273 (5th Cir. Oct. 7, 2005); Mustafa v. Gonzales, No. 04-60389 (5th Cir. May 25, 2005); Merchant v. Gonzales, No. 04-60414 (5th Cir. Apr. 1, 2005); Muana v. Ashcroft, No. 04-60222 (5th Cir. Dec. 14, 2005).

We need not decide whether the Nugrohos' passing references to withholding of removal and relief under CAT are sufficient to raise them on appeal, however, because it is clear that the IJ and BIA's rulings rejecting those claims are supported by substantial evidence.

The Nugrohos allegedly fear persecution in Indonesia because Mr. Nugroho is ethnic Chinese. The IJ, however, found Mr. Nugroho's testimony regarding past persecution internally inconsistent and different from his written application for asylum, and the BIA affirmed this negative credibility determination.

Courts give "great deference to an immigration judge's decisions concerning an alien's credibility." Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002) (citing Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994)). Similarly, courts do not substitute judgment "for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Chun, 40 F.3d at 78. Having reviewed the record, we find no basis to disagree with the IJ's and BIA's finding of no past persecution. See, e.g., Eduard, 379 F.3d at 187-88 & n.4; Mikhael v. INS, 115 F.3d 299, 304 & n.4 (5th Cir. 1997).

The Nugrohos can only succeed on their withholding of removal claim if they prove that there is a clear probability, that is, it is "more likely than not," that they would be persecuted on account of Mr. Nugroho's ethnicity if they return to Indonesia. See Roy, 389 F.3d at 138. The IJ determined that the Nugrohos had not met that burden, and that conditions for ethnic Chinese in Indonesia were improving. The IJ further noted that no members of Mr. Nugroho's family, all ethnic Chinese, had been persecuted. See Eduard, 379 F.3d at 193 & n.12 (noting that the safety of family members is one factor courts can consider in an asylum claim). Unlike in Eduard, the IJ did not commit an error of law by finding the persecution against ethnic Chinese Christians[1] as merely symptomatic of a high level of violence in Indonesia,

---

[1] The Nugrohos do not claim to be Christian or suffer persecution based on their religion.

4

see id. at 189-91, or by requiring the petitioners to show that they would be singled out among their ethnic group, see id. at 192. Instead, the IJ pointed to evidence from several sources that following anti-Chinese violence in Indonesia in 1998, the newly installed government had undertaken to reduce ethnic tensions. Discrimination against ethnic Chinese, while unfortunate, is not persecution, as the IJ's decision also suggests. The Nugrohos have not shown that the evidence is so compelling that no reasonable fact finder could fail to find them eligible for withholding.

Finally, to the extent that the Nugrohos make a CAT claim, the IJ's decision finding them ineligible for relief is supported by substantial evidence, as the Nugrohos have not proffered any evidence establishing a likelihood that they will be tortured if returned to Indonesia. See Roy, 389 F.3d at 139-40.

For the reasons set forth above, we DENY the petition for review.

**DENIED.**

5