United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-60211
Summary Calendar

———————————————

MUHAMMAD MASROOR KHAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

———————————————

On Petition for Review from an Order of
the Board of Immigration Appeals
A79 556 295

———————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Muhammad Masroor Khan is a citizen of Pakistan. He petitions
for review from an order from the Board of Immigration Appeals
("BIA") affirming the decision of the Immigration Judge ("IJ").
The IJ denied his application for asylum, withholding of removal,
and protection under the Convention Against Torture ("CAT"). The
IJ determined that (1) Khan's claim for asylum was time barred; (2)
the harm suffered by Khan in the past did not rise to the level of
persecution; and (3) Khan had not established a well-grounded fear

———————————————

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

of future persecution. For the reasons set forth below, we dismiss the asylum claim and deny the petition as to the remaining claims.

First, we do not have jurisdiction to review Khan's asylum claim because the BIA found those claims time barred. *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2) [providing for exceptions, including the time bar, to an alien's right to apply for asylum]."); *see also Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir. 2005) (remanding to the BIA because its affirmance without opinion left the court with "no way of knowing whether the BIA affirmed the IJ's decision on a nonreviewable basis, i.e., untimeliness, or a reviewable basis, i.e., the merits of [the] asylum claim"). The BIA explicitly stated in its decision that the IJ "correctly found that [Khan] is time-barred for asylum as his application was filed beyond the one-year filing deadline . . . , and we find that he does not qualify for an exception to the filing deadline."

Khan additionally argues that a recently enacted Immigration and Nationality Act ("INA") provision enables this Court to review his asylum claim. *See* 8 U.S.C. § 1252(a)(2)(D). The provision states, "Nothing in . . . this Act . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ." *Id*.

2

This exception to section 1158(a)(3)'s limitation on judicial review is not applicable in this case. *See Bregu v. Gonzales*, 2006 U.S. App. LEXIS 2546, at *3 (5th Cir. Jan. 31, 2006) (unpublished). Accordingly, we cannot hear Khan's asylum claim.

The BIA's decision denying Khan withholding of removal and relief under the CAT, however, is reviewable by this Court. *See* 8 U.S.C. § 1252; *Roy v. Ashcroft*, 389 F.3d 132, 135 (5th Cir. 2004). This Court also reviews the decision of the IJ because it was adopted by the BIA. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). "[T]he BIA will be reversed only when the evidence is 'so compelling that no reasonable fact finder could fail to find' the petitioner statutorily eligible for relief." *Roy*, 389 F.3d at 138 (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992)).

To obtain withholding of removal under the INA, an applicant "must show that it is more likely than not that his life or freedom would be threatened by persecution" based on his political opinion, race, religion, nationality, or membership in a particular social group. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (internal quotation omitted). Under the CAT, an alien must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id*. at 907.

Khan contends the BIA's affirmance of the IJ's decision is not supported by substantial evidence. He claims he has shown that (1) he suffered past persecution; (2) he more likely than not would be

3

subjected to persecution if he returned to Pakistan; and (3) he more likely than not would be targeted for torture if he returned to Pakistan. The record reflects that Khan was subjected to two attacks by a rival political faction. In the first, he was beaten and required medical treatment. In the second, he was shot at during a drive-by shooting. He reported the second incident to the police, who did not pursue an investigation. After these events, Khan went abroad for several months but returned to Pakistan for a period of seventeen months. During that time, he suffered no attacks. Khan then left for the United States. Shortly thereafter, he returned once again to Pakistan for a few weeks. Again, he did not encounter any problems. The record does not compel a finding that Khan more likely than not will suffer persecution upon return to Pakistan. He also fails to meet the "higher bar" of showing that he will be tortured. *Id.* Accordingly, he has failed to show the BIA's decision was not supported by substantial evidence. *See Mikhael*, 115 F.3d at 302.

Based on the foregoing, Khan's asylum claim is DISMISSED, and his petition for review as to the remaining claims is DENIED.

DISMISSED in part; DENIED in part.