United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-60506
Summary Calendar

---

EME AKPOJIYOVWI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 999 163

---

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Eme Akpojiyovwi petitions this court for review of the decision of the Board of Immigration Appeals (BIA) in which the BIA dismissed her appeal of the immigration judge's (IJ) decision denying her claims for asylum, the withholding of removal, and relief under the Convention Against Torture (CAT). Akpojiyovwi's claim for relief is based on her assertion that she is certain that her adolescent daughters will be subjected to female circumcision,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or Female Genital Mutilation (FGM), if she is deported and returns with them to Nigeria.

The BIA found Akpojiyovwi's claim for asylum to be time-barred, and it rejected her claims that an exception to the time-bar was warranted. Pursuant to 8 U.S.C. § 1158(a)(3), this court does not have jurisdiction to review Akpojiyovwi's assertion that her asylum claim was not time-barred. See Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2004); Khan v. Gonzales, 172 F. App'x 575, 576 (5th Cir. 2006). Accordingly, Akpojiyovwi's claim for asylum is DISMISSED.

Akpojiyovwi also challenges the denial of her claims for the withholding of removal and relief under the CAT. She asserts that the likelihood that her daughters will be subject to FGM is relevant to her own claim for asylum under a theory of "derivative persecution." Alternatively, she argues that she is entitled to "derivative asylum" because her children will be "constructively removed" if she is denied relief. Even if this court were to conclude that Akpojiyovwi is entitled to claim relief from the order of deportation based on the threat of persecution to her daughters, substantial evidence supports the determination that Akpojiyovwi failed to show the requisite likelihood that her daughters will be subject to FGM upon their return to Nigeria. See 8 C.F.R. § 1208.16(b)(1); Convention Against Torture, article 3. Accordingly, Akpojiyovwi's petition for review as to these claims is DENIED.

The appellate brief is not in compliance with FED. R. APP. P. 28(a)(9)(A), which requires citation to the record. We caution Akpojiyovwi's counsel that failure to comply with this court's rules of appellate procedure could result in the imposition of sanctions.